UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

MAY 0 6 2015



| | |
|---|---|
| TAMRA WELBIG,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BROOKINGS, JEFF MILLER, JORDAN HANSEN, JORDAN MCCASKILL AND JUSTINA HILMOE,<br><br>Defendants, | CIV. 15-4085<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL** |

Plaintiff, Tamra Welbig, by her attorneys, Rick L. Ramstad and Aaron D. Salberg, hereby states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. §§ 1983, 1985 and 1988, the First, Fourth and Fourteenth Amendments of the Constitution of the United States and the Laws and Constitution of the State of South Dakota.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Ms. Welbig's constitutional and civil rights.

3. Ms. Welbig further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

5. Each paragraph in this Complaint incorporates all others as if fully set out therein.

## PARTIES

6. Plaintiff Tamra Welbig, (Tamra), is now, and was at all times mentioned herein, a resident of Brookings County, South Dakota and a citizen of the United States of America.

7. Defendants Jordan Hansen (Hansen), Jordan McCaskill (McCaskill) and Justina Hilmoe (Hilmoe) were at all times material herein, acting in their capacities as police officers employed by the City of Brookings Police Department and/or the City of Brookings, South Dakota and acting under the color of state law. They are sued individually and in their official capacity.

8. Defendant Jeff Miller (Chief Miller) was at all times material to the allegations in this Complaint, acting in his capacity as Chief of Police employed by the City of Brookings Police Department and/or City of Brookings, South Dakota and was responsible for the training, supervision and discipline of Hansen, McCaskill and Hilmoe. Chief Miller was further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Brookings, South Dakota regarding seizures, arrests and the use of force. At all times herein Chief Miller also was acting under color of state law. He is sued in his individual and in his official capacity.

9. Defendant City of Brookings (City) is a duly incorporated and operating municipality located in Brookings County, South Dakota and at all times material herein was the employer of the individual Defendants. City has established or delegated to Chief Miller the responsibility for establishing and implementing the policies and practices used by law enforcement officers employed by the City of Brookings, South Dakota, including Hansen, McCaskill and Hilmoe regarding seizures, arrests and the use of force.

10. All Defendants are persons for purposes of 42 U.S.C. § 1983.

11. City and Chief Miller are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

12. City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Chief Miller in his official capacity as the Chief of the City of Brookings Police Department and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## STATEMENT OF FACTS

13. On June 5, 2012, Officers Hansen, McCaskill and Dorrow were dispatched to Ms. Welbig's apartment at 503 15th Street South, Brookings, South Dakota to provide her medical assistance.

14. Hansen, McCaskill and Dorrow's shifts were ending and they were to be getting off work.

15. McCaskill attempts to question Ms. Welbig who is sitting in the passenger seat of a Dodge Durango with the vehicle's door open outside her apartment complex.

16. Ms. Welbig stated that she did not wish to speak with law enforcement.

17. Ms. Welbig's statement was protected speech under the First Amendment to the United States Constitution.

18. Hansen steps between McCaskill and Ms. Welbig into the doorway of the vehicle to question Ms. Welbig.

19. At the same time, Dorrow states that she is going to enter and search Ms. Welbig's apartment.

20. As Dorrow enters the apartment complex, Ms. Welbig attempts to pull herself forward in the seat of the Dodge Durango and advises that officers do not have permission to enter her apartment.

21. Ms. Welbig's statement was constitutionally protected speech under the First Amendment to the United States Constitution.

22. Hansen and McCaskill pull Ms. Welbig from the vehicle securing her arms by her sides, and take her to the ground with such force to cause her face to bounce off the concrete.

23. As a result, Ms. Welbig suffered severe physical pain and injury to her face the extent of which is yet to be determined.

24. Hansen then placed his knee and full body weight in Ms. Welbig's back to handcuff her despite the fact that she did not and could not resist him.

25. Hansen and McCaskill stood Ms. Welbig upright because she could not stand.

26. Hansen and McCaskill drug Ms. Welbig to the ambulance causing her bare feet to scrape the pavement and bleed.

27. Hansen uncuffed Ms. Welbig and left her in the ambulance to be treated by ambulance staff.

28. The ambulance transported Ms. Welbig to the Brookings Hospital for treatment for her injuries without police escort.

29. At the time of this incident, Ms. Welbig was unarmed, a 45 year old single mother who was no match for the two armed officers standing in the doorway of the Durango.

30. Hansen and McCaskill made no effort to verbally control Ms. Welbig before they reacted with force.

31. The actions of Hansen and McCaskill slamming Ms. Welbig to the concrete and detaining her were excessive and much more extensive than reasonably necessary.

32. The actions of Hansen and McCaskill were also excessive because it was not reasonably necessary to take Ms. Welbig into custody.

33. Hansen and McCaskill's supervisor, Hilmoe, arrives at the apartment complex and consults with Hansen.

34. Unwilling to acknowledge that they acted improperly, the individual Defendants conspire to conceal their unconstitutional actions including, but not limited to:

    a. Hansen, McCaskill, and Hilmoe failed to photograph, video record or audio record any evidence or preserve any such evidence despite having the equipment and ability to do so;

    b. Hansen, McCaskill, and Hilmoe failed to interview witnesses;

    c. Hansen, McCaskill, and Hilmoe fabricated false allegations that Ms. Welbig had intentionally assaulted Hansen as she was being removed from the vehicle;

    d. Hansen, and Hilmoe filed false accusatory instruments against Ms. Welbig;

    e. Hansen's two police reports were incomplete and later were contradicted by sworn testimony by McCaskill;

    f. McCaskill failed to file a police report or a supplemental report;

    g. Chief Miller and Hilmoe failed to require McCaskill to file a report;

    h. Hilmoe went to the hospital the evening of June 5, 2012, attempting to gain additional evidence against Ms. Welbig;

    i. Hilmoe arrested Ms. Welbig at the Hospital;

    j. Hansen, , Hilmoe and Chief Miller then caused a felony, Simple Assault Against Law Enforcement charge to be filed against Ms. Welbig; and

    k. There was no further investigation into the matter and no officer was disciplined or retrained as a result.

35. The Simple Assault Against Law Enforcement charge was false and filed against Ms. Welbig in an effort to cover up the individual Defendants' unconstitutional actions.

36. Six and one half month later Ms. Welbig was acquitted at trial of her sole criminal charge, Simple Assault against a Law Enforcement Officer.

37. Each of the Defendants, individually and in concert with the others, acted under the pretense and color of law and their official capacity, maliciously, willfully, knowingly, and with the intent to deprive Ms. Welbig of her rights to be free from illegal seizures, retaliation for asserting her freedom of speech, and excessive force under 42 U.S.C. 1983 and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

38. The City and Chief Miller's failure to train, supervise and discipline Hansen, McCaskill, and Hilmoe implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the subordinate officers.

39. By the conduct, acts and omissions complained of herein, Defendants violated clearly established constitutional standards under the First, Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

40. Defendants are not entitled to qualified immunity for the complained of conduct.

41. As a direct and proximate result of Defendants' unlawful conduct, Ms. Welbig has suffered actual physical injuries, pain and suffering, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Ms. Welbig has incurred special damages, including medically related expenses and in all probability will continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

42. Ms. Welbig is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988; pre-judgment interest and costs as allowable by federal law; and punitive damages under 42 U.S.C. §1983, in that the actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Ms. Welbig.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
## (EXCESSIVE FORCE)

43. Ms. Welbig hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

44. The Civil Rights Act, codified as 42 U.S.C. §1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

45. The conduct and actions of Defendants Hansen and McCaskill acting in concert and under color of law, in authorizing, directing and/or causing Ms. Welbig to be illegally detained and arrested by such force as to cause her physical pain, suffering and actual injuries in the manner described without reason or cause for such detention and arrest all which was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical injury, pain and suffering in violation of Ms. Welbig's rights as guaranteed under 42 U.S.C. §§ 1983 and 1985, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of her person and the right to be free from the use of excessive, unreasonable, and unjustified force.

46. As a direct and proximate result of Defendants' unlawful conduct, Ms. Welbig has suffered actual physical injuries, pain and suffering, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Ms. Welbig has incurred special damages, including medically related expenses and in all probability will continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

## SECOND CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
## (FREE SPEECH)

47. Ms. Welbig hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

48. The above described conduct and actions of the individual Defendants, acting under color of law, deprived Ms. Welbig of her right to free expression, was done due to Defendants' personal animus and bias against the content of Ms. Welbig's speech, and in retaliation against Ms. Welbig's exercise of her constitutionally protected speech; was done to interfere with, and chill, the exercise of free speech, and was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious injury, pain and suffering in violation of Ms. Welbig's constitutional rights as guaranteed under 42 U.S.C. §§ 1983 and 1985, and the First and Fourteenth Amendments to the United States Constitution.

49. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries and damages set forth above.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (FALSE ARREST)

50. Ms. Welbig hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51. By the conduct and actions described above, Defendants Defendants Hansen, McCaskill, and Hilmoe acting in concert and under color of law, in authorizing, directing and/or causing Ms. Welbig to be illegally detained and arrested without reason or probable cause for such detention and arrest was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts were the direct and proximate cause of injury and damage to Ms. Welbig and violated her rights as guaranteed under 42 U.S.C. §§ 1983 and 1985, and the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES)

52. Ms. Welbig hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

53. Defendants Chief Miller in his capacity as Chief of Police of Brookings, South Dakota and City, implicitly or explicitly adopted and implemented careless and reckless policies, customs or practices that among other things include:

   A. Allowing subordinate officers to use unreasonable excessive force to carry out otherwise routine arrests or stops;

    B. Ignoring the need for training and supervision of its officers in regards to the use of force;

    C. Ignoring the need for training and supervision of its officers in regards to video and/or audio recording public encounters and preparation of police reports;

    D. Failing to adequately train officers regarding the availability of alternative means of detaining persons other than by the use of force; and

    E. Failing to investigate and discipline officers whom are found to have engaged in the use of excessive force upon those entrusted in their care and/or under their control.

54. Defendants Chief Miller and City have created and tolerated an atmosphere of lawlessness, and have implicitly or explicitly developed and maintained these long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Ms. Welbig and of the public.

55. At the time Hansen and McCaskill forced Ms. Welbig's face into to the cement, they were acting pursuant to an official city policy, practice, custom and procedure overlooking and/or authorizing police officer's excessive use of force.

56. In light of the duties and responsibilities of those police officers that participate in detentions, arrests, investigations and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and statutory rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

57. Chief Miller and the City's acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Chief Miller and the City had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including Ms. Welbig.

58. Chief Miller and the City's deliberately indifference to the rights of Ms. Welbig and others was a moving force in the constitutional and statutory violation injuries complained of by Ms. Welbig.

59. Chief Miller and the City's deliberate indifference to Ms. Welbig's rights to be free from illegal seizures, retaliation for asserting her freedom of speech, and excessive force under U.S.C. §§ 1983 and 1985 and the First, Fourth and Fourteenth Amendments to the Constitution of the United States was the moving force in the constitutional and statutory violation injuries complained of by Ms. Welbig.

60. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries and damages set forth above.

61. Ms. Welbig is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law and punitive damages under 42 U.S.C. §1983, in that the actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Ms. Welbig.

WHEREFORE, Ms. Welbig demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory and special damages in the amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, disbursements, interest and attorney's fees; and

    d. Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Ms. Welbig respectfully demands trial by jury on all issues so triable.

Dated in Sioux Falls, South Dakota this 9 day of April, 2015.

CREW & CREW, P.C.

*[signature]*

Rick L. Ramstad
PO Box 2343
Sioux Falls, SD 57101-2343
(605) 335-5561
(605) 335-2621 (fax)
rick@crewandcrew.com
***Attorney for Plaintiff***

And

9

AARON D. SALBERG, ATTORNEY AT LAW

*[signature]*

Aaron D. Salberg
PO Box 1125
Sioux Falls, SD 57101-1125
(605) 215-6550
aarondsalberg@gmail.com
***Attorney for Plaintiff***