FILED

NOV 14 2016

CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

### SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| TAMRA WELBIG, | CIV 15-4085 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO VACATE |
| CITY OF BROOKINGS; JEFF MILLER; JORDAN HANSEN; JORDAN McCASKILL; and JUSTINA DIAMOND, f/k/a Justina Hilmoe; | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendants move to vacate two Orders issued by this Court. (Doc. 74.) After a jury verdict in favor of Defendants, Plaintiff filed a pro se notice of appeal with the Eighth Circuit on July 19, 2016. (Doc. 59.) On August 5, 2016, through her attorneys of record, Plaintiff filed a motion to withdraw her notice of appeal, doc. 64, and a motion for a new trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure, doc. 65. Defendants ask the Court to vacate an order issued on October 13, 2016 that granted both Plaintiff's motion to withdraw her notice of appeal and her motion for leave to file a late brief in support of her motion for new trial. (Doc. 69.) The second order Defendants want the Court to vacate was issued on October 26, 2016, and it granted Plaintiff's motion to extend the time to file a brief in support of her motion for new trial. (Doc. 73.)

Defendants' argument is simple: the filing of the notice of appeal on July 19, 2016 divested this Court of jurisdiction and therefore the orders issued thereafter are nullities. Defendants rely on *Sykes v. United States*, 392 F.2d 735, 738 & n.1 (8th Cir. 1968), for the "general rule" that "filing a notice of appeal deprives the district court of jurisdiction over the subject matter." In *Sykes*, the

Eighth Circuit held that the appellant's timely notice of appeal on February 2, 1967 from a judgment of December 7, 1966 divested the lower court of jurisdiction and, therefore, a subsequent motion for new trial, a withdrawal of the notice of appeal, a new final judgment by the district court, and a new notice of appeal regarding the district court's final judgment "were all nullities since jurisdiction then was in the appellate court." *Id.* at 738. Based on that conclusion, the Eighth Circuit in *Sykes* only addressed the issues arising out of the judgment of December 7, 1966, based on the notice of appeal filed on February 2, 1967. Defendants fail to realize that the law has changed since 1968 when *Sykes* was decided.

In *Griggs v. Provident Consumer Discount Corp.*, 680 F.2d 927 (3d Cir. 1982), *rev'd* 459 U.S. 56 (1982), the Third Circuit interpreted Federal Rule of Appellate Procedure 4(a)(4) to void appellate jurisdiction only where an appellee could demonstrate that the premature filing of a notice of appeal by the appellant resulted in prejudice to the appellee.[1] The Third Circuit accepted jurisdiction in *Griggs* despite the fact that the appellant had filed his notice of appeal while a Motion for Reconsideration and a Motion to Alter, Amend and Vacate Judgment (Fed.R.Civ.P. 59(e)) was pending before the district court. *Id.*, 680 F.2d at 929-30. Technically, Rule 4(a)(4) required the appellant to file a new notice of appeal after the district court ruled on the Rule 59 motion. The Third Circuit concluded that the appellant's notice of appeal had been prematurely filed under Rule 4(a)(4), "but though a premature notice of appeal is subject to dismissal, we have generally allowed appellant to proceed unless the appellee can show prejudice resulting from the premature filing of

---

[1] At that time Rule 4(a)(4) provided in relevant part:
If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 ..., the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion. A notice of appeal filed before the disposition of [such motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.
Fed.R.App.P. 4(a)(4) (1982).

2

the notice .... In our case, the Griggses have shown no prejudice by the premature filing of a notice of appeal." *Id.* at 929 n. 2.

In reversing the Third Circuit in *Griggs*, the United States Supreme Court held that the filing of the Rule 59 motion stripped the appellate court of jurisdiction and required dismissal of the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam). That decision was based on the Supreme Court's construction of Rule 4(a)(4) of the Federal Rules of Appellate Procedure.

Rule 4 had been amended in 1979 to resolve questions surrounding the filing of post trial motions. At that time, the Advisory Committee on Appellate Rules discussed the problems and the solution:

> The present rule [pre-1979], since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10- day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.

*Griggs*, 459 U.S. at 60 n.2 (citing Note of Advisory Committee on Appellate Rules, 28 U.S.C.A. following Rule 4). A principal consideration behind the 1979 amendments was to prevent wasted effort by the appellate courts. As the Committee concluded:

> [S]ince a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

*Id.* The Supreme Court expressly approved this interpretation of Rule 4(a)(4) in *Griggs*. The 1979 amendments to the appellate rules, the Court determined, deprived the courts of appeals of jurisdiction when a Rule 59 motion was pending in the district court. *Id.* at 60. Although in *Griggs* the Court considered the effect of a notice of appeal on an already pending Rule 59(e) motion, the Court's language addressed the effect of Rule 4(a)(4) broadly enough to cover cases where the notice

3

of appeal is filed prior to the Rule 59 motion, as in the present case. Citing Professor Moore's treatise with approval, the Court stated that the effect of a Rule 59 motion on a previously filed notice of appeal is that "'[t]he appeal simply self-destructs.'" *Id.* at 61 (quoting 9 J. Moore, B. Ward & J. Lucas, <u>Moore's Federal Practice</u> ¶ 204.12[1], p. 4–65 n. 17 (1982)).

Applying *Griggs*, the Eighth Circuit held that a motion to amend the judgment filed pursuant to Rule 59(c) two days after a notice of appeal had been filed voided the notice of appeal and placed jurisdiction back with the district court. *See Faysound Ltd. v. Falcon Jet Corp.*, 940 F.2d 339, 341-42 (8th Cir. 1991). Like the Supreme Court in *Griggs*, the Eighth Circuit in *Faysound* relied on Rule 4(a)(4) of the Federal Rules of Appellate Procedure: "If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment ..., [a] notice of appeal filed before the disposition of [that motion] shall have no effect." *Id.* at 341-42. Because the appellant did not file a new notice of appeal after the district court ruled on the motion to amend and the judgment became final, the Eighth Circuit dismissed the appeal in *Faysound* for lack of jurisdiction.[2] *Id.* at 345.

---

[2]*Faysound* was based on the language of an old version of Rule 4, which provided that a notice of appeal filed during the pendency of a Rule 59 motion would have "no effect." In 1993, Rule 4(a) was specifically amended in response to *Griggs* and now provides that a notice of appeal filed during the pendency of a Rule 59 motion is simply suspended. *See Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733, 737-38 (7th Cir. 2004) ("The rule therefore was amended in 1993 to provide that a premature notice of appeal is no longer void, but merely suspended; it "becomes effective ... when the order disposing of the last such remaining motion is entered." (internal quotation marks omitted)); *see also* Fed.R.App.P. 4(a)(4)(B)(i). Thus, the initial notice of appeal timely filed after judgment remains effective and is not rendered invalid by timely filed post-judgment motions specified in the rule. *See United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995). But to challenge the posttrial rulings, the appellant must file a timely new or amended notice of appeal. Fed.R.App.P. 4(a)(4)(B)(ii) (stating "[a] party intending to challenge an order disposing of any motion listed [which includes posttrial motions of the type at issue here]... must file a notice of appeal, or an amended notice of appeal"); *see also Life Plus Int'l v. Brown*, 317 F.3d 799, 805 (8th Cir. 2003) ("Because no new or amended notice of appeal was filed regarding the posttrial order, we lack jurisdiction to review it.").

Under *Griggs*, *Faysound* and Rule 4(a)(4) of the Federal Rules of Appellate Procedure, the motion for new trial filed by Plaintiff on August 5, 2016 divested the Eighth Circuit of jurisdiction in this case and returned jurisdiction to this Court. As a result, the filings and orders after that date are not nullities. Accordingly,

IT IS ORDERED that Defendants' Motion to Vacate, doc. 74, is denied.

Dated this 14ᵗʰ day of November, 2016.

BY THE COURT:

Lawrence L. Piersol
District Court Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY

5