UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TAMRA WELBIG, | CIV 15-4085 |
| Plaintiff, | |
| -vs- | ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL |
| JORDAN HANSEN; JORDAN McCASKILL; and JUSTINA HILMOE, | |
| Defendants. | |

FILED JUN 2 8 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Plaintiff, Tamra Welbig ("Welbig), previously represented by a lawyer in this lawsuit, has filed a pro se motion for extension of time to file a Notice of Appeal with the Eighth Circuit. (Doc. 91.) Defendants did not respond to the motion. For the reasons stated below, the record is insufficient to decide the motion and Welbig's counsel will be directed to file an affidavit in order to supplement the record.

## BACKGROUND

Welbig sustained injuries when she was arrested by Defendant police officers on June 5, 2012. A jury trial was held on her claims that Defendants violated 42 U.S.C. § 1983 during her arrest. On July 1, 2016, the jury returned a verdict in favor of Defendants on all of Welbig's claims. Welbig filed a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. This Court denied that motion in a Memorandum Opinion issued on February 14, 2017. (Doc. 87.) The record shows that the Clerk of Court electronically mailed notice of entry of the Memorandum Opinion to Welbig's lawyer and to defense counsel. The time in which Welbig could file an appeal as of right expired thirty (30) days later on March 16, 2017. *See* FED.R.APP.P. 4(a)(1)(A); 4(a)(4)(A)(v). On April 14, 2017, Welbig filed a notice of appeal (doc. 89) and a motion for an

extension of time to file a notice of appeal (doc. 91). The record shows that the pro se motion and notice of appeal were electronically mailed by the Clerk of Court to Welbig's lawyer and to defense counsel. No response has been filed to the motion for extension of time.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1) provides that, subject to certain exceptions not applicable here, a notice of appeal must be filed with the district court clerk within thirty days "after entry of judgment or order appealed from." Rule 4(a)(5)(A) provides for an extension of the thirty day appeal period "if a party so moves no later than 30 days after the time prescribed" and if that party "shows excusable neglect or good cause." FED.R.APP.P. 4(a)(5)(A).

Here, the appeal period deadline was March 16, 2017, thirty days after entry of the Memorandum Opinion and Order denying the motion for new trial. Welbig's pro se Notice of Appeal was not filed until April 14, 2017, twenty-nine (29) days after the time prescribed in Rule 4(a)(1). She also filed the pending motion for extension of time on April 14, 2017. That motion was timely as it was filed during the requisite thirty (30) day time period to move for an extension as prescribed in Rule 4(a)(5)(A).

A district court may extend the time to file a notice of appeal if the party seeking an extension shows that the failure to file a timely appeal was the product of "excusable neglect or good cause." FED.R.APP.P. 4(a)(5)(A)(ii); *see, e.g., Gibbons v. United States*, 317 F.3d 852, 853 (8th Cir. 2003). The Eighth Circuit has explained that courts are to consider four factors in determining whether excusable neglect or good cause[1] for an extension of time to appeal exist: (1) the danger of prejudice

---

[1] The "good cause" provision is intended "to take account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite" because "there is no neglect (and, thus, nothing to excuse)." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000); *see also* FED.R.APP.P. 4, advisory committee notes to the 2002 amendments (the good cause standard "applies in situations where there is not fault -excusable or otherwise[,]" *i.e.*, "the need for an extension is ... occasioned by something that is not within the control of the movant." "If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension.").

to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These four factors are not equally important; "the excuse given for the late filing must have the greatest import" and "will always be critical to the inquiry." *Lowry*, 211 F.3d at 463. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer*, 507 U.S. at 392).

With respect to the first two factors, the Court finds that the length of delay is moderate because Welbig filed this motion and her notice of appeal twenty-nine days after her initial deadline to file a notice of appeal expired. There is at least some small amount of prejudice to Defendants because surely they were under the impression, as was this Court, that the case was fully resolved when the appeal deadline expired on March 16, 2017, and they continued with this belief until Welbig filed the motion for an extension almost a month later on April 14, 2017.[2] These factors weigh slightly against Welbig.

Regarding the fourth factor, whether the movant acted in good faith, there is no sign that Welbig acted in bad faith in filing the motion requesting an extension of time to appeal. This factor weighs in favor of Welbig.

Finally, the Court must address the most important factor, the reason for the delay. In her motion for an extension of time to appeal, Welbig explains the reason for her delay:

---

[2] The Eighth Circuit has noted, "We do not think it can make a difference that no harm to the appellee has been shown. There is unlikely ever to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has only 30 days after the expiration of his time for appealing in which to request relief." *Lowry*, 211 F.3d at 463 (quoting *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

3

> I, Tamra Welbig, desire to appeal the decision in this action which was entered on February 14th, 2017, but failed to file a notice of appeal within the required number of days because: Due to my attorneys lack of communication and failure to notify me I was denied a new trial. I found out I was denied via the internet. He refused to communicate with me via phone or letter; as well as failure to inform me that I had other options that could have been pursued. At this point, I believe I have shown "good cause." I am currently defending myself and pursuing new counsel. I respectfully ask the court to please take my words into consideration.

(Doc. 91.) Welbig's trial lawyer has not submitted an affidavit explaining the circumstances surrounding his failure to file a notice of appeal.[3]

This Court has reviewed numerous cases from the Eighth Circuit and other courts for guidance in analyzing whether a reason for a delay in filing a notice of appeal meets the definition of excusable neglect or good cause under Rule 4(a)(5)(A)(ii). The typical case involves an attorney's failure to timely file an appeal due to a mistake, confusion, error or some external event that interfered with meeting the deadline. The courts focus on the conduct of the attorney who failed to act in a timely fashion on behalf of his or her client. *See, e.g., Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 898 (8th Cir. 2013) (appeal filed one day late due to error in law firm's computer calendaring application was excusable neglect because it was "an error in attempting to comply" and not due to procrastination or ignoring the deadline); *Gibbons*, 317 F.3d at 854-55 (lawyer's extended vacation and subsequent illness causing delay in filing notice of appeal is not the type of neglect meriting relief under Rule 4(a)(5)); *Lowry*, 211 F.3d at 463-64 (neglect was not excusable when the delay was due to "garden-variety attorney inattention," and the attorney's excuses for it were "thin" and unclear). The lawyer's actions are the focus because parties are bound by the acts and omissions of their lawyers. *See Pioneer*, 507 U.S. at 396 ("clients must be held accountable for the acts and omissions of their attorneys"). The Supreme Court has indicated that the question is not whether the client "did all [she] reasonably could in policing the conduct of

---

[3] Although Welbig states in her motion that she is defending herself and pursuing new counsel, the record does not show that trial counsel has withdrawn from representing Welbig, and no other lawyer has entered an appearance.

[her] attorney," but rather if the "attorney, as [her] agent, did all he reasonably could to comply" with the deadline. *Id.*

Because Welbig's trial lawyer has not submitted an affidavit explaining the circumstances surrounding his failure to file a timely notice of appeal, the record is insufficient for this Court to determine whether there exists excusable neglect or good cause sufficient to extend the time to file a notice of appeal under Rule 4(a)(5)(A)(ii). Accordingly,

IT IS ORDERED that, on or before Monday, July 10, 2017, Welbig's trial counsel will submit an affidavit stating if, when and how he notified Welbig of the Court's Memorandum Opinion and Order denying the motion for new trial, and explaining in detail the circumstances surrounding his failure to file a notice of appeal.

Dated this 28th day of June, 2017.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
District Court Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Summer Woolford*
(SEAL)    DEPUTY

5